Carolyn Perkins, Esq.  (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
(801) 405-9954
cperkins@12law.com
and
Lawrence A. Fuller, Esq., *pro hac vice pending*
Allen Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
afullermiami@gmail.com

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT

2018 AUG 21  P 2: 32

DISTRICT OF UTAH

DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN FISHER, Individually,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HOTEL CORNER LLC,<br>a Utah Limited Liability Company,<br><br>　　　　Defendant. | **COMPLAINT**<br>(Injunctive Relief Demanded)<br><br>Case: 2:18-cv-00653<br>Assigned To : Benson, Dee<br>Assign. Date : 8/21/2018<br>Description: Fisher v. Hotel Corner |

Plaintiff, STEVEN FISHER, Individually (sometimes referred to as "Plaintiff"), hereby sues the Defendant, HOTEL CORNER LLC, a Utah Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and

costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Steven Fisher, is an individual who resides in Stansbury Park, Utah, in the County of Tooele.

2. Plaintiff Steven Fisher is a Utah resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Fisher has cancer in his spine, and four metal rods in place to hold the cadaver bone in his back. He frequently needs to use a wheelchair for mobility.

3. Defendant's property, The Sheraton Salt Lake City Hotel, is located at 150 W. 500 S., Salt Lake City, Utah, in the County of Salt Lake.

4. Venue is properly located in the District of Utah because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

6. Plaintiff Steven Fisher has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

7. Steven Fisher has visited the property which forms the basis of this lawsuit and plans to return to the property once the barriers to access are corrected, and the facility becomes fully accessible.

8. The Plaintiff has encountered architectural barriers at the subject property, which

have impaired his ability to park safely at the premises, to access the premises safely, to access the guestroom safely and to use restrooms safely.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is a hotel known as The Sheraton Salt Lake City Hotel, and is located at 150 W. 500 S., Salt Lake City, Utah.

10. The Plaintiff, Steven Fisher, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the subject property not only to avail himslef of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that the Plaintiff and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Sheraton Salt Lake City Hotel has shown

that violations exist. These violations that Steven Fisher has personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

### Parking

a. Several accessible spaces lack compliant access aisles and/or identification signs and are not located on accessible routes to enter the building, preventing Mr. Fisher's safe unloading from vehicles and access to facilities violating ADAAG Section 4.6 and 2010 ADA Standards Section 502.

b. Accessible spaces in one area contain slopes in accessible spaces and the door impeding Mr. Fisher ability to enter the hotel building violating ADAAG Section 4.6 and 2010 ADAS Section 502.

### Entrance Access and Path of Travel

c. Curb ramps and ramps throughout the facility lack compliant landings and have excessive slopes which endangered Mr. Fisher and violate ADAAG Sections 4.7 and 4.8 and 2010 ADAS Sections 405 and 406.

d. Cross slopes and changes of level exceeding limits impeded Mr. Fisher on the path of travel to and through hotel areas from parking, street, sidewalk and public transit areas violating Section 4.3 of the ADAAG and 2010 ADAS Sections 303, 304 and 403.

e. There is no interior route to the pool area at the hotel and the exterior gate lacks compliant approach and maneuvering space impeding Mr. Fisher ability to enter the area violating ADAAG Sections 4.3 and 4.13 as well as 2010 ADAS Sections 302 and 404.

### Access to Goods and Services

f. The hotel fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

g. Tables with computers and games are inaccessible with inadequate knee and toe clearance. The pool is not on an accessible route and does not have a fixed lift preventing use by Mr. Fisher and violating ADA accessibility requirements.

h. Mr. Fisher could not safely access areas located on routes containing excessive slopes without handrails, changes of level without ramps and improper ground surfaces violating ADAAG Section 4.3 and 2010 ADAS Sections 304 and 403.

i. Check-in, dining, laundry, and work surface areas are inaccessible to Mr. Fisher in violation of various ADAAG and 2010 ADAS requirements.

### Access to Common Area Restrooms

j. Mr. Fisher could not access restroom stalls lacking required hardware. Water closets lack transfer space with centerlines more than 18" from the side wall and improper grab bars violating Section 4.17 of the ADAAG and Section 604 of the 2010 ADAS.

k. Mr. Fisher could not use the restroom urinals, coat hooks and dispensers which are mounted beyond prescribed limits and mirrors are above 40" AFF violating Sections 4.2, 4.18 and 4.19 of the ADAAG and 2010 ADAS Sections 308, 603 and 605.

l. Mr. Fisher could not use lavatories which have surfaces violating Section 4.19 of the ADAAG and the Section 606 of the 2010 ADAS.

### Access to Guestroom Areas

m. Mr. Fisher could not access both sides of the bed and room areas which lack required clear width to enter violating ADAAG Sections 4.3 and 9 and the 2010 ADAS.

n. Mr. Fisher could not exit the accessible guestroom or access the adjoining room without assistance, doors lack maneuvering space violating Section 4.13 of the ADAAG and 2010 ADAS Section 404.

o. Mr. Fisher could not safely transfer to or use the bathtub as there is no roll-in shower and the design violates ADAAG Section 4.20 and ADAS Section 607.

p. Mr. Fisher could not transfer to the water closet in the guest bathroom or use the toilet paper dispenser which is beyond reach violating ADAAG Section 4.16 and 2010 ADAS.

q. Mr. Fisher could not use the safety lock, thermostat, curtain and light controls which are beyond reach or require gripping violating ADAAG Sections 4.2, 4.3, 4.27 and 9 as well as 2010 ADAS Sections 308 and 309.

### Maintenance

r. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

13. The foregoing violations also violate the 1991 Americans with Disability Act

Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

14. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individual members of Plaintiff organization similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Defendant has discriminated against the Plaintiff and one or more of its members by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be

necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

17. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Sheraton Salt Lake City Hotel to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a.  The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: _August 21_, 2018

Respectfully submitted,

_____
Carolyn Perkins, Esq.  (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
(801) 405-9954
cperkins@12law.com
-and-
Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
-and-
Allen Fuller, Esq., *pro hac vice pending*
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
afullermiami@gmail.com

Counsel for Plaintiff STEVEN FISHER